IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-04-CR-193-M |
| RAYAH M. WILLIAMS | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Rayah M. Williams, appearing *pro se*, seeks an unspecified extension of time to file a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed for want of jurisdiction.

Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Wawak v. Johnson*, No. 3-01-CV-0305-M, 2001 WL 194974 at *1 (N.D. Tex. Feb. 22, 2001), *rec. adopted*, 2001 WL 290526 (N.D. Tex. Mar. 21, 2001), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 869, 70 L.Ed.2d 855 (1982). Rather, a party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Id.*, *citing Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 1215, 51 L.Ed.2d 376 (1977). By his motion, petitioner essentially asks the court to determine whether a motion for post-conviction relief, to be filed at some unspecified date in the future, will be barred by the AEDPA statute of limitations and whether equitable tolling may apply to extend the limitations period. Because petitioner has not yet filed a section 2255 motion, there is no adverse party before the court and no concrete dispute for the court to decide. Without a "case or controversy," the court lacks subject matter jurisdiction to grant any relief. *See United States v.*

*Marano*, No. 3-00-CR-250-G, 2002 WL 449571 at *1 (N.D. Tex. Mar. 20, 2002) (dismissing motion for extension of time to file section 2255 motion for want of jurisdiction); *see also United States v. Tolliver*, No. 04-CR-40014-JPG, 2007 WL 611236 at *1 (S.D. Ill. Feb. 26, 2007) (noting that "[s]ection 2255 itself provides no authority for the Court's granting an extension of the one-year deadline").[1]

## **RECOMMENDATION**

Defendant's motion for extension of time to file a section 2255 motion [Doc. #82] should be dismissed for want of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant states that he is unable to timely-file a section 2255 motion because his prison unit is on "lockdown" and he does not have access to the law library, typewriters, or a copy machine. Even if the court had jurisdiction to grant an extension of time, it would not do so in this case. Defendant does not specify the claims he wants to raise in his section 2255 motion or explain why he waited more than one year after the court of appeals affirmed his conviction to seek post-conviction relief.